UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: CR05-231-JCC |
| Plaintiff, | |
| v. | DETENTION ORDER |
| GEORGE WEGERS | |
| Defendant. | |

Offense charged:

Conspiracy to Tamper with a Witness, Conspiracy to Traffic in Certain Motor Vehicles and Motor Vehicle Parts, Trafficking in a Certain Motor Vehicle

Date of Detention Hearing:   June 15, 2005

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)   Defendant is named in a twenty count indictment that has been brought against certain individuals, some of whom are alleged to be leaders and/or members of the Bandidos Outlaw Motorcycle Organization.

(2) The Indictment alleges that the Bandidos Outlaw Motorcycle Organization is a criminal organization whose members and associates engaged in acts of violence, including kidnaping, assault, threats of violence, and extortion in the United States and throughout the world. The Bandidos is alleged to constitute a criminal enterprise as defined in Title 18, USC, Section 1959(b)(2), that is, an enterprise constituting an ongoing organization whose members function as a continuing unit for common purpose of achieving racketeering activity. Mr. Wegers is said to be the National and International President for the organization. The case agent alleges that as such, the defendant has the authority to order intimidation of witnesses and violence against others.

(3) The acts which Mr. Wegers is alleged to have committed as set forth in Count 3 of the Indictment are presented in the Indictment as in furtherance of a conspiracy to intimidate a witness to an alleged assault by another member of the organization. Counts 15 and 19 relate to allegations that defendant and others conspired to dispose of vehicles with altered identification numbers.

(4) The AUSA reports that during a search of defendant's residence, four loaded firearms were recovered, although the defendant points out that another individual has claimed that the weapons were his. The defendant is a convicted felon, and would be legally prohibited from possessing firearms. Arresting agents report that approximately 34 knives, including one machete, were recovered in the defendant's residence. His past criminal history includes drug charges, the last of which occurred approximately 20 years ago, and a burglary charge from the same time frame which was amended to possession of stolen property in the second degree.

(5) The defendant was not interviewed by Pretrial Services. Much of his personal history and other background information could not be verified.

(6) The defendant poses a risk of nonappearance based on international ties to the Bandidos organization and lack of verified background information. He does pose a danger to the community based on the nature of the current charges, the presence of weapons in his residence,

DETENTION ORDER 15.13
18 U.S.C. § 3142(i) Rev. 1/91
PAGE 2

and the particular position of leadership which he holds in the Bandidos organization viewed in light of the role in the conspiracy which is attributed to him by the Indictment.

  (7) There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

  (1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

  (2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

  (3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

  (4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

  DATED this <u>15th</u> day of June, 2005.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 3

15.13
Rev. 1/91